USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11-2-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

DRAW Capital Partners, LLC,   :    18-CV-00548 (LAP)
on behalf of itself and all  :
others similarly situated,    :

                    :

       Plaintiff,   :

                    :    MEMORANDUM AND ORDER

    v.              :

                    :

REPUBLIC OF ARGENTINA,     :

                    :

       Defendant.  :

------------------------------x

Loretta A. Preska, Senior United States District Judge:


Plaintiff DRAW Capital Partners, LLC ("Plaintiff" or "DRAW Capital") brings this class action for breach of contract and conversion against the Republic of Argentina (the "Republic") based on the Republic's failure to pay interest on overdue interest ("interest on interest") on bonds owned by Plaintiff. The Republic moves for dismissal under a number of provisions of Rule 12(b). (Mot. to Dismiss, dated May 14, 2018 [dkt. no. 14].) For the following reasons, the Republic's motion is granted in full.

I.   Background

In 2001, the Republic defaulted on its debts. (Compl., dated Jan. 22, 2018 [dkt. no. 1] ("Compl.") , 1.) In 2005 and 2010, the Republic restructured some of its debts and issued bonds in both years (the "Exchange bonds"). (Id.) Plaintiff

1

holds beneficial interests in these bonds. (Id.) These bonds
are governed by a Trust Indenture ("the Indenture"). (Id.) Not
all holders of the Republic's original debt agreed to debt
restructuring and they subsequently brought legal action against
the Republic when the Republic paid the Exchange bondholders.
(Id. at 8.)

The Republic was enjoined by this Court from making certain
payments on its debt and therefore was in default on the
Exchange bonds owned by Plaintiff. (Id.) This Court lifted the
injunction in April of 2016, and payment of past due interest
was made in May of 2016. (Id. at 9.) The Republic did not pay
interest on the missed periodic interest payments. (Id. at 10.)

Plaintiff filed suit in this Court alleging that failure to
pay interest on interest was a breach of contract and
conversion. Defendant filed a motion to dismiss on May 14,
2018. (Mot. to Dismiss, [dkt. no. 14].)

II. Legal Standard

To survive a motion to dismiss, a plaintiff must plead
"enough facts to state a claim to relief that is plausible on
its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547
(2007). The complaint must contain "factual content that allows
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009). In making its determination, the Court should

reject "labels and conclusions" or "naked assertion[s] devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557; see also Twombly, 550 U.S. at 555 (rejecting "formulaic recitation of the elements of a cause of action").

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Zdenek Marek v. Old Navy (Apparel) Inc., 348 F. Supp. 2d 275, 279 (S.D.N.Y. 2004) (alterations in original) (quoting Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (internal quotation marks omitted)).

III. Discussion

Plaintiff seeks damages based on the Republic's nonpayment of interest on interest. The Republic seeks dismissal of the claims based on Plaintiff's lack of standing and failure to state a claim, as well as this Court's lack of jurisdiction.

For the reasons stated herein, the Court concludes that Plaintiff does not have standing to bring the claim. Even still, Plaintiff's claim for interest on interest is neither legally cognizable nor distinct from its conversion claim. Finally, this Court does not have jurisdiction over the claims

governed by English law. Accordingly, all of Plaintiff's claims are dismissed.

a. Standing

Standing to bring suit under the Indenture is governed by sections 4.8 and 4.9 of the instrument. (Compl. Ex. A—Part 1, [dkt. no. 1-1], 24-25.)

Section 4.8 includes a no-action clause which bars holders of the Debt Securities from instituting suits unless certain conditions are met. (Id.) These conditions have not been met, and Plaintiff does not plead that they have been met. (Def. Br., dated May 18, 2018 [dkt. no. 17], 8.) Plaintiff concedes as much when it states it should be excused from this clause because the Republic ignored prior demands by the Trustee and the Trustee did not enforce this alleged breach. (Pl. Br., dated July 11, 2018 [dkt. no. 22] ("Pl. Br."), 17.)

Plaintiff offers no authority for its argument that it should not be barred from suit under the no-action clause. In light of its argument that "because the Republic has completely ignored prior demands by the Trustee to make interest payments on overdue interest (which written demand was made pursuant to a letter of May 31, 2016), and which the Trustee failed to thereafter act upon or enforce, Plaintiff should nevertheless be excused from the no-action provisions of § 4.8", (Pl. Br. at 17), it appears to be relying on an exemption to the no-action

4

clause where misconduct by the trustee can excuse noncompliance with a no-action clause. Waxman v. Cliffs Natural Res. Inc., 222 F. Supp. 3d 281, 293 (S.D.N.Y. 2016) ("[W]hen the trustee, by reason of conflict of interest or unjustifiable unwillingness, cannot properly pursue a remedy for trust beneficiaries," Akanthos, 677 F.3d at 1294, a court may excuse compliance with the no-action clause is not excused.) Plaintiff has alleged no misconduct by Trustee, and so it is not exempt from the no-action clause. Thus, Plaintiff has not demonstrated why it should be exempt from the requirements of section 4.8. This is particularly so because courts in New York "read a no-action clause to give effect to the precise words and language used, for the clause must be 'strictly construed.'" Quadrant Structured Prods. v. Vertin, 23 N.Y.3d 549, 560 (2014) (quoting Cruden v. Bank of N.Y., 957 F.2d 961, 968 (2d Cir. 1992).

especially given the strict dictates of New York courts.

Section 4.9 of the Indenture acts as a contractual exception to the no-action clause, granting to each holder, "the right, which is absolute and unconditional, to receive payment of the principal of and interest on its Debt Security on the stated maturity date for such payment." (Compl. Ex. A—Part 1, [dkt. no. 1], 25.) This section grants the right to institute suit for such payment. (Id.)

5

Section 4.9 makes no mention of the right to payment of interest on interest. Additionally, there is no maturity date stated for such payment. Plaintiff responds that this Court's order of April 22, 2016 established "on or around May 5, 2016" as the stated maturity date. (Pl. Br., 17.)

The term "maturity date" has been construed by this Court as requiring certainty. McMahan & Co. v. Wherehouse Entm't, Inc., 859 F. Supp. 743, 748 (S.D.N.Y. 1994). This Court's order was not a date stated in any of the agreements between the parties. It therefore could not have been a "stated maturity date" with respect to interest on interest claims. Section 4.9 has not been met, and thus, Plaintiff does not have standing to bring these claims.

b. Interest on Interest-Merits

Even if Plaintiff were to have standing to bring its claims, the Complaint does not state a claim upon which relief can be granted. The terms of the Indenture provide that in addition to full payments on overdue principal and interest, the Republic will pay "to the extent that payment of such interest is enforceable under applicable law, on overdue installments of interest at the rate of overdue interest specified in such Debt Securities." (Compl. Ex. A—Part 1, [dkt. no. 1-1], 22.)

Plaintiff concedes that Debt Securities do not specify such a rate of interest. (Pl. Br., 6.) Instead, Plaintiff argues

6

that the lack of a specific rate of interest on interest can be remedied by the fact that "each Debt Security does specify a coupon rate used to calculate periodic interest installments (i.e., interest on principal), which under the plain meaning of the applicable documents, is the proper interest rate for interest on overdue interest." (Id. (emphasis in original).) It also argues that a clause in the Indenture acknowledging the existence of interest on interest is incorporated into the Debt Securities and thus there is a "clear and unambiguous intention to confer" interest on interest. (Id. at 12.)

This claim proves too much. Debt instruments regularly have a rate of interest specified for payment on principal. If specified interest on principal were the default rate of interest for the interest on interest, surely some court or model debt instrument would mention it, yet Plaintiff has cited no authority for this proposition.

New York courts have made it clear that "in the absence of an express agreement for either compound interest or interest on interest, or statutory authority, such interest is not recoverable." Rourke v. Fred H. Thomas Assocs., 216 A.D.2d 717, 718 (N.Y. App. Div. 3d Dep't 1995). The Court of Appeals previously reversed this Court's denial of interest on interest where the "the plain language of the contract" provided for it with a specified rate. Themis Capital, LLC v. Dem. Rep. of

Congo, 626 F. App'x 346, 349 (2d Cir. 2015) (summary order). In Themis, the parties to the contract explicitly specified a rate of interest on overdue interest. Id. Here, the plain language of the contract does not include a specified rate of interest on interest, and therefore such interest is not recoverable.

    c. English Law Claims

This Court lacks both personal and subject matter jurisdiction over the Plaintiff's claims governed by English law. Section 1608(a) of the Foreign Sovereign Immunities Act ("FSIA") governs federal jurisdiction over foreign sovereigns. See 28 U.S.C. § 1608(a) (2012). Courts are clear that section 1608(a) "mandate[s] strict adherence to its terms." Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Bots. to United Nations, 05 Civ. 2591 (HB), 2005 WL 1621342, at *3 (S.D.N.Y. July 12, 2005).

Plaintiff did not properly effectuate service as required by FSIA and does not claim to have done so. (Def. Rep. Br., dated Aug. 15, 2018 [dkt. no. 25], 7.) Instead, it claims that, "[a]s a matter of simple contract parlance," section 12.8 of the Indenture submits the Republic to this Court's jurisdiction. (Pl. Br., [dkt. no. 22], 18.) This claim is wrong because, per section 12.8 of the Indenture, the Republic only submitted to New York jurisdiction for those securities governed by New York Law. (Compl. Ex. A—Part 1, [dkt. no. 1], 53-54.)) Accordingly,

8

this Court does not have jurisdiction over those claims governed
by English law.

    d. <u>Conversion Claim</u>

"A conversion claim may only succeed . . . if a plaintiff
alleges wrongs and damages distinct from those predicated on a
breach of contract." <u>Ellington Credit Fund, Ltd. v. Select
Portfolio Servicing, Inc.</u>, 837 F. Supp. 2d 162, 204 (S.D.N.Y.
2011). Here, Plaintiff does not allege wrongs and damages apart
from those in their breach of contract claims. The failure to
pay interest on interest is the crux of the conversion claim as
it is the crux of the breach of contract claim. (Compl., [dkt.
no. 1], 10.)

Plaintiff attempts to distinguish the two claims by
averring "the Republic has sought to exert economic pressure"
and that such pressure "was exerted with malice and reckless
disregard to Exchange Bondholder's ownership rights." (<u>Id.</u>)
The addition of malice is not enough to convert a breach of
contract claim into a conversion claim. <u>AD Rendon Commc'ns,
Inc. v. Lumina Ams., Inc.</u>, No. 04-CV-8832 (KMK), 2007 WL
2962591, at *8 (S.D.N.Y. Oct. 10, 2007). Plaintiff does not
respond to this argument raised by Defendants. Plaintiff's
conversion claim is dismissed.

IV.  Conclusion

For the reasons stated above, Defendant's motion to dismiss the Complaint, (Mot. to Dismiss, [dkt. no. 14]), is granted. The Complaint, (Compl., [dkt. no. 1]), is dismissed with prejudice.  The Clerk of Court shall mark the action closed and all pending motions denied at moot.


SO ORDERED.

Dated:      New York, New York
            November 2, 2018




_____
LORETTA A.  PRESKA
Senior United States District Judge